**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                            No. 95-5596

OMAR A. MUDIE,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-94-77)

Argued: July 18, 1996

Decided: September 5, 1996

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Reversed by unpublished opinion. Judge Ervin wrote the opinion, in
which Judge Murnaghan and Senior Judge Phillips joined.

_____

**COUNSEL**

**ARGUED:** Vincent L. Gambale, Assistant United States Attorney,
Alexandria, Virginia, for Appellant. Benedict P. Kuehne, SALE &
KUEHNE, P.A., Miami, Florida, for Appellee. **ON BRIEF:** Helen F.
Fahey, United States Attorney, Alexandria, Virginia; Robert E. Bra-
denham, II, Assistant United States Attorney, Norfolk, Virginia, for
Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

Following his convictions on crack-cocaine charges, appellee Omar Mudie moved for a new trial. The district court granted his motion, based on evidence of a gun that was admitted and then excluded, and the prosecutor's alleged references to that evidence during closing argument. The United States appeals. Because we find that evidence of the gun should not have been excluded in the first instance, we find that any reference to that evidence was harmless. Accordingly, we reverse the district court's grant of a new trial.

This case began when a maintenance man entered an apartment to make a repair, and observed what he thought to be drugs. He also noticed that the apartment had almost no furniture, and that its windows were covered with cardboard and tape. He notified the police, who obtained a search warrant for the apartment. In executing the warrant, the police observed minimal furnishings, no food and few dishes in the kitchen, and only a few pieces of clothing. During the search, Mudie put his key into the door of the apartment and the police arrested him. The search yielded a number of items of evidence: on Mudie's person were two pagers, a cellular telephone, nine $50 bills, and a key ring. In the apartment, police found 3.6 kilos of crack and .9 kilos of powder cocaine; drug paraphernalia, including electronic scales, coffee pots without coffee makers, and baking soda; a cellular phone battery and charger compatible with Mudie's cell phone; a credit card application with Mudie's name; and a $500 check drawn on Mudie's account. Later, police discovered Mudie's fingerprints on one of the coffeepots. George McNeil, a convicted cocaine dealer, testified at trial that he had bought crack from Mudie on a number of occasions.

During the initial search, the police also examined Mudie's key ring, which had a "Mazda" key. They discovered one Mazda car

2

parked near the apartment. When officers searched the car, they found a loaded .38 semi-automatic handgun in the map pocket behind the driver's seat, and Mudie's checkbook on the floorboard. Mudie was indicted on two counts of distributing crack, one count of possession of cocaine with intent to distribute, and one count of possession of crack with intent to distribute. He moved to suppress a number of items of evidence, including the crack and cocaine discovered during the search of the apartment, an oral statement he made following his arrest, and the weapon recovered during the search of his car. The district court (Judge Clarke) denied the motion to suppress. Mudie's first trial ended in a hung jury.

At his second trial, the district court (Judge Jackson) refused to grant Mudie's renewed motion to suppress, except as to the post-arrest statement. Near the close of the government's evidence, the district court decided that the gun had been improperly admitted, and instructed the jury to disregard it. Judge Jackson found that the police did not have probable cause to search Mudie's car; the court recognized that the police could have conducted an inventory search in the interest of safeguarding Mudie's property, but found that their actual motive was to find evidence against Mudie. The court cautioned the jury:

> During this trial you have heard testimony about the search of the defendant's automobile and the recovery of a gun. Additionally, you have heard testimony about the role that a firearm plays in the distribution of illegal narcotics. I instruct you that you are to totally disregard the testimony, as well as the firearm exhibit that was introduced in this record. The testimony that was introduced about the firearm, the search of the vehicle, as well as the exhibit, should not be considered in any way in your determination of a verdict in this case.

> For you to in any way consider this evidence I am asking you to disregard would be a violation of the oath that you have taken as a juror, and I will give you the same instruction again prior to the time that you begin to deliberate.

In his closing argument, the prosecutor commented,"Here's a man that is visiting an apartment armed with two pagers, cellular tele-

3

phones, $450 in cash . . . ." In his rebuttal, the prosecutor stated, "Pagers, telephones, coupled with the $450, that's what he had, that's what he was armed with, that's what he had on his person when he went to that apartment on November 14th." Mudie's counsel did not object contemporaneously and the district court rejected Mudie's objection to these comments on the following day. Mudie was convicted on all charges, and moved for a post-verdict judgment of acquittal, or, in the alternative, a new trial. The district court ordered a new trial some three months after the verdict was rendered.

The district court concluded that George McNeil's uncorroborated testimony was sufficient to support a finding of guilt on the cocaine distribution charges. As to the possession with intent to distribute counts, the court noted that the government had to prove Mudie's constructive possession of the drugs found in the apartment in order to support conviction on those charges. The court concluded that the evidence was "barely" sufficient to justify the convictions, but further concluded that "the slim evidence supporting the verdict weighs in favor of a finding that the admission of evidence that Mudie possessed a firearm improperly and significantly influenced the jury's determination of guilt."

Jurisdiction of this appeal is proper under 18 U.S.C. § 3731, which authorizes the United States to appeal to this court following a district court's grant of a new trial after judgment in a criminal case. Although a district court's grant of a new trial generally is reviewed for abuse of discretion, United States v. Bynum , 3 F.3d 769, 773 (4th Cir. 1993), cert. denied, 114 S. Ct. 1105 (1994), purely legal determinations are reviewed de novo, Waters v. Gaston County, 57 F.3d 422, 425 (4th Cir. 1995). As explained by the Seventh Circuit, when a district court judge considering a new trial motion "has occasion to resolve a pure issue of law, our review of that resolution is plenary." United States v. Boyd, 55 F.3d 239, 242 (7th Cir. 1995) (citation omitted). Because in this case the district court's ultimate grant of a new trial stemmed from the legal decision to exclude certain evidence, we first review that decision.

The "automobile exception" to the Fourth Amendment's warrant requirement is well-established. The Supreme Court has recently summarized the exception:

4

Our first cases establishing the automobile exception to the Fourth Amendment's warrant requirement were based on the automobile's "ready mobility," an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear. California v. Carney, 471 U.S. 386, 390-91, 105 S.Ct. 2066, 2068-2069, 85 L.Ed.2d 406 (1985) (tracing the history of the exception); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). More recent cases provide a further justification: the individual's reduced expectation of privacy in an automobile, owing to its pervasive regulation. Carney, supra, at 391-92, 105 S.Ct., at 2069-2070. If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more. Carney, supra, at 393, 105 S.Ct., at 2070.

Pennsylvania v. Labron, 116 S. Ct. 2485, 2487 (1996). In Labron, for instance, the Court upheld the search of a vehicle after police "had seen [the owner of the vehicle] act in ways that suggested he had drugs in his truck." Id.

In this case, police had discovered significant evidence of a crack cocaine processing operation within the apartment, as well as evidence linking Mudie to that apartment. Though the police did not see Mudie driving the car they eventually searched, they did lawfully find on his person a "Mazda" key and discovered a single Mazda automobile parked close by, so it was reasonable to assume that Mudie had arrived at the apartment via that vehicle. Before searching the car, officers confirmed that the Mazda's tags were registered to Omar Mudie. We find that this evidence provided probable cause to believe that the automobile contained contraband, and therefore the police were entitled to search it without a warrant.*

_____

*Because the search in this case was justified by the automobile exception to the Fourth Amendment's warrant requirement, we need not reach the question of whether it might also have been proper as an inventory search.

5

Having determined that the search of Mudie's car was permissible, we must conclude that there was no basis for exclusion of the evidence seized from that vehicle. Consequently, the district court erred in suppressing evidence of the gun, and any reference by the prosecutor to the improperly-suppressed evidence (inadvertent or otherwise) was not error. This leads to the further conclusion that the district court erred in granting Mudie a new trial on these bases. Accordingly, the decision below is

REVERSED.